**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| Landale Signs and Neon, Ltd., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| Runnion Equipment Co. and John Doe, | ) | |
| | ) | **Jury Trial Demanded** |
| | ) | |
| Defendants. | ) | |

**Complaint**

Plaintiff, Landale Signs and Neon, Ltd., by and through its attorneys, Patterson Law Firm, LLC, for its Complaint against Defendants, states as follows:

**Nature of the Action**

1. This action stems from a data breach that resulted in the theft of Plaintiff's funds. Plaintiff, Landale Signs and Neon, Ltd. ("Landale"), entered into a contract to purchase a vehicle from Runnion Equipment Company ("Runnion"). While negotiating the purchase of this vehicle, Runnion negligently allowed John Doe to intercept sensitive information related to the transaction.

2. John Doe utilized this information to pose as Runnion and to instruct Landale to wire the purchase amount for the vehicle to John Doe.

3. Landale relied upon John Doe's misrepresentations and wired $87,625.00 to John Doe without receiving any benefit in exchange for the transaction.

**Parties**

4. Plaintiff, Landale, is a Canadian corporation with its principal place of business in Edmonton, Canada.

5. Defendant, Runnion, is an Illinois corporation with its principal place of business located in Lyons, Illinois.

6. Defendant, John Doe, is an individual of unknown residence and citizenship. Landale does not know John Doe's identity or location at this time. Landale will amend its Complaint to name John Doe when his or her identity is discovered.

**Jurisdiction & Venue**

7. The matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

8. Jurisdiction in this action is based on diversity of citizenship of the Plaintiff and Defendants pursuant to 28 U.S.C. § 1332, with venue proper in this District pursuant to 28 U.S.C. § 1391.

**Background**

9. Landale is a business that manufactures and installs custom outdoor and interior displays.

10. In April of 2016, Landale entered into a contract with Runnion for the purchase of a truck installed with a lift for $87,625.00.

11. Landale and Runnion partly communicated via e-mail to negotiate the terms of this agreement.

12. On May 12, 2016, Landale received an e-mail with instructions on how to wire the payment to Runnion pursuant to the terms of the agreement.

13. Landale followed these instructions and remitted payment per the agreed terms in the amount of 87,625.00.

14. Thereafter, Runnion informed Landale that it never received the payment.

15. Landale subsequently showed Runnion the string of e-mails whereby the-purported-Runnion instructed Landale on how to remit payment for the truck purchase.

16. Runnion represented that it never sent these communications and stated that Landale's communications must have been hacked.

17. Upon information and belief, Landale's computer network, database, and servers were never accessed by a third party.

18. Instead, upon information and belief, Runnion's computer network, database, and servers were accessed by John Doe.

19. John Doe utilized the information he or she intercepted from Runnion in order to pose as Runnion and to instruct Landale to wire him or her $87,625.00.

20. Runnion was aware or should have been aware that its computer network, database, and servers were improperly being accessed by a third party with ill intent.

21. During the negotiations, Landale's President, Mr. Darrell Brown, noticed that there was a delay in receiving e-mails from Runnion's President, Mr. Patrick Runnion.

22. Mr. Brown did not experience any delays when sending or receiving e-mails from other parties other than Mr. Runnion.

23. Mr. Brown inquired as to the cause of this delay when communicating with Runnion.

24. Mr. Runnion replied that he was aware of potential interference to his e-mail account.

25. Mr. Runnion further represented that he was advised that someone had been intercepting his e-mails during a prior transaction; however, a warning sign had been noticed and a potential theft during the transaction was averted.

26. Upon information and belief, through this unauthorized access by John Doe, he or she discovered the terms and conditions of the contract between Landale and Runnion.

27. By utilizing this information, John Doe was able to pose as Runnion and instruct Landale to remit payment to the wrong bank account.

**Count I – Negligence (against Runnion)**

28. Landale re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 27 as though fully set forth herein.

29. Runnion had a duty to exercise reasonable care in safeguarding, securing, and protecting the sensitive information sent by Landale.

30. Runnion also had a duty to exercise reasonable care in safeguarding, securing, and protecting the information it received from Landale from being compromised, lost, stolen, misused by, or disclosed to any unauthorized party.

31. Runnion had full knowledge of the sensitivity of the information sent by Landale and the type of harm that Landale could suffer if the information was disclosed or intercepted by a third party.

32. Upon information and belief, Runnion breached these duties through its negligent acts and omissions, which include, but are not limited to:

    a. Failing to take appropriate action in remedying the interception of its e-mails that it was aware of;

    b. Failing to heed warnings and alerts that a phishing e-mail scam was being perpetrated;

    c. Failing to implement a suitable security system to prevent the interception of its e-mails;

    d. Disclosing Landale's private information to a third party who used this information to pose as Runnion in order to perpetuate a scam;

    e. Failing to heed a warning that its computers, network, e-mails, and server had been compromised by a third party; and

    f. Otherwise acting in a careless and negligent manner.

33. Landale was a foreseeable victim of any inadequate safety and security practices and procedures Runnion employed regarding its e-mail accounts and server.

34. As a direct and proximate result of Runnion's negligence, Landale suffered damages in the form of $87,625.00 sent to a third party without any benefit in return.

Wherefore, Plaintiff, Landale, prays that this Court enter judgment in its favor and against Defendant, Runnion, in an amount of $87,625.00, award pre-judgment and post-judgment interest, and grant any further relief this Court deems just and appropriate.

**Count II – Conversion (against John Doe)**

35. Landale re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 27 as though fully set forth herein.

36. Landale made a wire transfer to an account in exchange for a truck from Runnion.

37. Upon information and belief, through a scam perpetrated by John Doe, this payment, through a wrongful conversion, was intercepted by John Doe.

38. As a result of the scam perpetrated by John Doe, Landale has not received the bargained-for truck.

39. Landale is entitled to the immediate, absolute, and unconditional possession of funds that were intercepted by John Doe.

40. John Doe intentionally interfered with Landale's attempted payment to Runnion and, through this interference, took dominion over the payment, over which John Doe has no legal claim.

41. John Doe's interference has deprived Landale of the possession or use of the funds that were intended for the purchase of the truck.

42. As a direct and proximate result of this interference, Landale has suffered damaged in the form of the $87,625.00 payment that was wrongfully converted for the personal benefit of John Doe.

Wherefore, Plaintiff, Landale, prays that this Court enter judgment in its favor and against Defendant, John Doe, in an amount of $87,625.00, award punitive damages in Landale's favor, award pre-judgment and post-judgment interest, and grant any further relief this Court deems just and appropriate..

**Count III – Fraud (against John Doe)**

43. Landale re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 27 as though fully set forth herein.

44. John Doe falsely posed as Runnion and improperly instructed Landale to wire payment for the bargained-for truck to John Doe's bank account.

45. These statements and instructions were false statements of material facts.

46. John Doe knew that these statements and instructions were false.

47. John Doe made these statements and instructions with the intent to induce Landale to remit payment to John Doe.

48. Landale reasonably believed these statements and instructions and acted in justifiable reliance on the truth of these statements and instructions.

49. As a direct and proximate result of John Doe's false statements and instructions, Landale suffered actual damages.

50. Further, John Doe has been unjustly enriched by receiving funds from Landale that were intended for Runnion.

Wherefore, Plaintiff, Landale, prays that this Court enter judgment in its favor and against Defendant, John Doe, in an amount of $87,625.00, award punitive damages in Landale's favor, award pre-judgment and

post-judgment interest, and grant any further relief this Court deems just and appropriate.

Date: July 27, 2016    Respectfully Submitted,

/s/Alexander I. Passo
Thomas E. Patterson (No. 3128587)
Alexander I. Passo (No. 6317519)
Patterson Law Firm, LLC
One N. La Salle St., Suite 2100
Chicago, IL 60602
(312) 223-1699
Fax: (312) 223-8549
tpatterson@pattersonlawfirm.com
apasso@pattersonlawfirm.com

Attorneys for Plaintiff