16-1354/MH:smd

**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LANDALE SIGNS AND NEON, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 16-cv-07619 |
| | ) | |
| RUNNION EQUIPMENT CO. | ) | |
| and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT,**
**RUNNION EQUIPMENT COMPANY'S MOTION**
**TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**</u>

NOW COMES the Defendant, RUNNION EQUIPMENT COMPANY, by and through its attorney, Steven P. Polick, and as and for its Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Amended Complaint, herein states as follows:

**BACKGROUND**

The Plaintiff's Amended Complaint contains three counts directed against Runnion. All sound in negligence. In the common allegations, the Plaintiff indicates that this action stems from a "data breach" that resulted in the theft of his funds which had been designated to purchase a crane from this Defendant. It is alleged that Runnion allowed John Doe to intercept sensitive information regarding the contract. Doe then utilized the information to pose as Runnion and to wire false instructions requesting payment of the purchase price to that John Doe from the Plaintiff. The Plaintiff relied upon these John Doe representations and wired $87,625.00 pursuant to those instructions. (Amended Complaint.)

The Amended Complaint admits that the Plaintiff entered into a contract with Runnion for the purchase of a truck mounted crane for $87,625.00. (Amended Complaint, paragraph 10.) It is noted that the parties communicated via e-mail to negotiate the terms of the ultimate contract. (Amended Complaint, paragraph 11.) The Plaintiff alleges that on May 12, 2016, it received an e-mail with instructions on how to wire the payment to Runnion pursuant to that contract. Plaintiff followed the instructions and remitted payment in the amount of $87,625.00. Runnion informed Landale that it had never received this payment. (Amended Complaint, paragraphs 12-14.) The Plaintiff further alleges that its computer network had never been accessed by a third party. It then claims, (rather precariously) upon information and belief, that Runnion's computer was accessed by a criminal, John Doe (Amended Complaint, paragraphs 17-18.) It is further alleged that Runnion is aware or should have been aware that its computer network, database, and servers had been accessed by a third party. (Amended Complaint, paragraphs 20, 24, 25.)

The Plaintiff alleges in Count I that Runnion had a duty to exercise reasonable care to safeguard, secure, and protect the information sent to it by Landale. Obviously, implicit in that allegation is that Runnion also had a duty to prevent the unauthorized access of the terms of the contract reached through mutual negotiations between the two contracting parties. It is alleged that Plaintiff seeks recovery based upon the following breaches of duty alleged against Runnion:

   a.   Failing to take appropriate action in remedying the interception of
        its e-mails that it was aware of;

   b.   Failing to heed warnings and alerts that a phishing e-mail scam
        was being perpetrated;

2

c.      Failing to implement a suitable security system to prevent the interception of its e-mails;

d.      Disclosing Landale's private information to a third party who used this information to pose as Runnion in order to perpetuate a scam;

e.      Failing to heed a warning that its computers, network, e-mails, and server had been compromised by a third party; and

f.      Otherwise acting in a careless and negligent manner.

(Amended Complaint, paragraph 32.)

Landale alleges it was a foreseeable victim of the inadequate safety and security practices, and that as a direct and proximate result, it suffered economic loss only in the form of $87,625.00 sent to an unknown third party without any benefit in return. (Amended Complaint, paragraphs 33-34.)

In Count II, Landale alleges that Runnion engaged in supplying information and guidance to it in relation to the sale of the crane. Therefore, Landale alleges that Runnion possessed a duty to use reasonable care to insure the accuracy of the information it provided to Landale. It is further alleged that personnel at Runnion made representations that they would safeguard the information from outside third parties. It is charged that the loss occurred because Runnion failed to safeguard the confidential information. (Amended Complaint, paragraphs 35-41.) Again, the only loss set forth in Count II is the economic loss of $87,625.00 sent to an unknown third party without any benefit in return. (Amended Complaint, Count II.)

Finally, in Count III, the Plaintiff alleges that the parties entered into a contract, and that as a seller and buyer, they owed fiduciary duties of care and loyalty to one another. It is alleged

that Runnion breached those duties in the exact same manner in which it was negligent in allowing a third party to access its e-mails. (Amended Complaint, paragraphs 42-45.)

As with all of the other counts against Runnion, only economic losses of $87,625.00 are set forth in this particular Count.

**THE ALLEGATIONS OF PLAINTIFF'S AMENDED COMPLAINT FOR NEGLIGENCE AGAINST RUNNION, NEGLIGENT MISREPRESENTATION, AND BREACH OF FIDUCIARY DUTY, SET FORTH ONLY ECONOMIC LOSSES. UNDER ILLINOIS LAW, THE PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION IN ANY OF THE COUNTS UPON WHICH RELIEF CAN BE GRANTED.**

In its decision in Moorman Manufacturing Co. v. National Tank Co. (1982), 91 Ill.2d 69, the Illinois Supreme Court held that solely economic losses are not recoverable in tort. Economic loss was defined as "damages for inadequate value, costs of repair, and replacement of the defective product, or consequent loss of profits – without any claim of personal injury or damage to other property . . ." (91 Ill.2d 69, 82; Anderson Electric v. Ledbettter Erection Corp., 503 N.E.2d 246, 247 (Ill. 1986).) Subsequently, in Redarowicz v. Ohlendorf (1982), 92 Ill.2d 171, the Illinois Supreme Court further expounded on its Moorman holding finding that a plaintiff could not recover in negligence solely for economic losses resulting from the plaintiff's disappointed commercial expectations. (92 Ill.2d 171, 177-78; see also, Anderson Electric v. Ledbetter Erection Corp., 503 N.E.2d 246, 247-8.) The court specifically noted that to recover in negligence, there must be a showing of harm above and beyond disappointed expectations. A buyer's desire to enjoy the benefit of his bargain is not an interest that tort law traditionally protects. (92 Ill.2d 171, 177; 503 N.E.2d 246, 248.) Furthermore, the court also noted that a

4

Plaintiff seeking to recover purely economic losses due to defeated expectations of a commercial bargain cannot recover in tort, regardless of their inability to recover under an action in contract. 503 N.E.2d 246, 249.

Moorman has been consistently followed in the courts of this district. In Nixon v. United States, 916 F.Supp.2d 855 (N.D. Ill., 2013), the court recognized the economic loss or Moorman doctrine as it exists in Illinois and recognized that the recovery of solely economic losses has been rejected in a tort action. The key, as the court noted, was that economic loss includes "damages for inadequate value, costs of repair, and replacement of the defective product, or consequent loss of profits – without any claim of personal injury or damage to other property." (916 F.Supp.2d 855, 861.) This court recognized there were certain limited exceptions to the Moorman economic loss doctrine. However, none of them are applicable in this case. As this court noted, the "economic loss doctrine is designed to prevent parties from recovering in tort when they could have (or should have) recovered in contract. (916 F. Supp.2d 855, 862; Westfield Insurance Company v. Birkey's Farm Store, Inc., 399 Ill. App.3d 219, 231 (Ill. App. Ct. 2010).) It was noted that the economic loss doctrine is founded on the theory that the parties to a contract can allocate their risk by agreement and do not need the special protections of tort law to recover damages caused by a breach of contract. 916 F. Supp.2d 855, 862.

In this particular case, all three Counts of the Plaintiff's Amended Complaint allege only an economic loss. The Amended Complaint seeks to recover the amount of the purchase price of a truck with a lift that the Plaintiff did not receive because the money was not properly paid to the seller. There are no allegations of physical injury and no allegations of property damage. There are only precariously vague and conclusory allegations that Runnion did not exercise the

5

proper care in completing its portion of the bargain, did not exercise proper care to maintain the security of its own system in terms of the negotiated contract. Due to criminal acts of deception by an unknown third person, the Plaintiff has paid the purchase price to someone other than Runnion and consequently has not received the product. This is clearly an action for the economic loss arising from the buyer's disappointed commercial expectation.

Accordingly, the Moorman economic loss doctrine should be applied and the Plaintiff's alleged causes of action against Runnion should be dismissed for failure to state a cause of action under which recovery can be made.

**THE ALLEGATIONS OF COUNT III OF THE PLAINTIFF'S AMENDED COMPLAINT FAILED TO SET FORTH A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED FOR A BREACH OF FIDUCIARY DUTY.**

On its face, the Plaintiff's Amended Complaint alleges only that the parties to this lawsuit, the Plaintiff and Defendant, were buyer and seller of goods. The relationship between seller and buyer in any contract of sale of goods has no elements or features of a fiduciary relationship. It is merely a contractual relationship. While some, including the Plaintiff, may think that for parties to enter into any contract of sale there must be trust, from which they have the notion that such relationship is fiduciary, mere respect for another's individual judgment or general trust in his or her character is insufficient for the creation of a fiduciary relationship. In a fiduciary relationship, a special confidence is reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interest of the other party. In short, a fiduciary relationship imposes a general duty on the fiduciary to refrain from "seeking a selfish benefit during the relationship." (See e.g., Kurtz v. Solomon, 275 Ill. App.3d 643, 651 (1995);

6

Neade v. Portes, 193 Ill.2d 739 N.E.2d 496, 501 (Ill. 2000).)  In Illinois, a fiduciary relationship exists where one party reposes trust and confidence in another, who thereby gains a resulting influence and a superiority over the subservient party.  This is generally accomplished by establishing facts showing an antecedent relationship that gives rise to trust and confidence reposed in another.  Khan v. Deutsche Bank AG, 978 N.E.2d 1020, 1041 (Ill. 2012).

In this particular case, the law accordingly requires some proof that the confidence and trust entailed in the position of fiduciary was accepted by Runnion.

In this particular case, there is nothing between the parties to impose a general duty on the Defendant Runnion to refrain from seeking a selfish benefit during the relationship.  In fact, as the seller of goods, it was incumbent on Runnion to obtain the best price possible for the crane that was the object of the sales contract.  Runnion did not accept, nor did the law impose, a duty to act for the benefit of Landale.  Furthermore, there is no indication from the face of the Amended Complaint, the mere fact that a contract for the sale of goods was entered into, that Runnion gained an influence or superiority over Landale.  Landale was free to back out of the transaction at any time.  Landale was free to reject the false instructions that were sent for the transfer of the money to an unknown person.  Furthermore, there was no prior relationship which would give rise to trust and confidence in this case.  There is no allegation that prior contracts had been entered into between these two parties.  This was their first dealing with one another, and a fiduciary relationship, a duty on the part of Runnion to protect and safeguard Landale's interests is not imposed by Illinois law.

In fact, the opposite is true.  If this had been a case where the goods had been destroyed prior to the delivery of the money, Landale could have sued the third party who damaged the

7

crane. However, under 810 ILCS 5/2-722, Landale could only have sued as the fiduciary for Runnion. Under the Illinois version of the Uniform Commercial Code, if an injury occurs to goods at a time when the Plaintiff did not bear the risk of loss as against the seller, then any suit to recover by the buyer is subject to his own interest as a fiduciary for the seller.

In this particular case, there was no risk imposed on Landale other than the loss of its own funds at the time they were forwarded to an unknown party. There is no relationship alleged to have existed between the Plaintiff and Runnion other than an arms-length contract for the sale of goods. That relationship, as a matter of law, is simply not sufficient to establish a fiduciary relationship between Runnion as seller and Plaintiff as buyer.

Accordingly, Count III of the Plaintiff's Amended Complaint fails to state a cause of action upon which relief can be granted.

## CONCLUSION

WHEREFORE, the Defendant, RUNNION EQUIPMENT COMPANY, respectfully requests this Court enter an Order dismissing the Plaintiff's Amended Complaint herein.

Respectfully submitted,

**STEVEN P. POLICK & ASSOCIATES, P.C.**

By: /s/Steven P. Polick _____
        Steven P. Polick, Attorney for Defendant,
        Runnion Equipment Company
        155 N. Michigan Avenue, Suite 700
        Chicago, IL 60601
        (312) 729-5415/ fax (312) 729-5401
        email - spolick@sbcglobal.net

8

## CERTIFICATE OF SERVICE

I hereby certify that on the __15th__ day of __September__, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically sends email notification to the following:

Alexander I. Passo
Patterson Law Firm, LLC
1 N. LaSalle Street, Suite 2100
Chicago, IL 60602
312/223-1699
apasso@pattersonlawfirm.com


/s/Susan M. Diamond_____

9