**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| Landale Signs and Neon, Ltd., )<br>)<br>      Plaintiff, )<br>)<br>    v. )<br>)<br>Runnion Equipment Co., and )<br>John Doe, )<br>)<br>      Defendants. )<br>_____) | Case No. 16-cv-7619 |

**Landale's Response in Opposition to Runnion's Motion to Dismiss Plaintiff's Second Amended Complaint**

Plaintiff, Landale Signs and Neon, Ltd. ("Landale"), by and through its attorneys, Patterson Law Firm, LLC, for its Response in Opposition to Runnion Equipment Co.'s ("Runnion") Motion to Dismiss Plaintiff's Second Amended Complaint, states as follows:

### Introduction

Runnion attempts to have its cake and eat it too, arguing that Landale's claims more properly sound in contract while also asserting no claim for breach of contract exists. As discussed below, Runnion's arguments misstate the law. Therefore, the Court should deny Runnion's Motion to Dismiss.

### Preliminary Matter

Runnion adopted and incorporated in its Motion to Dismiss the arguments asserted in its prior motion in response to Landale's claims for negligence, negligent misrepresentation, and breach of fiduciary duty.

1

(Dkt. 14.) Accordingly, Landale similarly adopts and incorporates by reference herein its responsive argument to Runnion's prior motion. (Dkt. 17.) Failure to specifically raise said arguments herein should not be construed as a waiver of same.

## Factual Background

This action arises from Runnion's failure to adequately protect its computer systems and safeguard sensitive information transmitted by Landale. As alleged, in April 2016, Landale and Runnion entered into a contract for the purchase of a truck by Landale for $87,625.00. (Dkt. 22 at ¶ 10.) On May 12, 2016, Landale received an email with instructions on how to wire the payment to Runnion pursuant to the contract terms. (Dkt. 22 at ¶ 12.) Landale followed these instructions and remitted payment for $87,625.00. (Dkt. 22 at ¶ 13.) Thereafter, Runnion informed Landale that it never received the payment. (Dkt. 22 at ¶ 14.) As it turns out, Runnion never sent the emails regarding how to remit payment; rather, its computer network, database, and servers were accessed by a third party. (Dkt. 22 at ¶ 18.)

Landale filed the instant matter on July 27, 2016, asserting one count for negligence against Runnion.[1] Runnion moved to dismiss (Dkt. 8), a motion which the Court denied (Dkt. 11). On September 6, 2016, Landale filed an Amended Complaint, including additional counts against Runnion for negligent misrepresentation and breach of fiduciary duty.

---

[1] Landale also asserted claims against John Doe, which are not at issue in Runnion's motion.

2

(Dkt. 12.) Runnion moved to dismiss. (Dkt. 14.) In short, Runnion argued Landale's claim stemmed from the contract for purchase of the truck and, therefore, Landale could not assert claims for negligence.

Before the Court ruled on Runnion's motion, Landale filed its Second Amended Complaint, including additional claims against Runnion for breach of contract and breach of implied contract. (Dkt. 22.) Now, in the pending Motion to Dismiss, Runnion argues Landale's claims do not arise from the contract and, therefore, must be dismissed. For the reasons set forth below, Runnion is mistaken.

## Standard

The purpose of a motion to dismiss is "to test the sufficiency of the complaint, not to decide its merits." *Gibson v. C. of Chi.*, 910 F.2d 1510, 1520-21 (7th Cir. 1990). In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See, gen. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## Argument

### Landale's Breach Of Contract Claim Is Proper Because Runnion's Conduct Prevented Landale From Completing Its Performance.

Runnion presents an oversimplified explanation of breach of contract under Illinois law. Runnion accurately states the required elements – (1) existence of a contract; (2) performance by the plaintiff; (3) breach by the

3

defendant; and (4) damages. According to Runnion, however, the only way for Landale to raise a claim for breach of contract is if the contract required Runnion to deliver the truck to Landale regardless of whether Runnion received the money. This is wrong.

Landale asserts breach of contract not for Runnion's failure to deliver the truck, but, instead, for Runnion's failure to protect Landale's payment under the contract. Landale attempted to complete its performance under the contract by remitting payment to Runnion. Due to Runnion's failure to protect its computer systems, however, Landale's performance was rendered ineffective, resulting in John Doe receiving Landale's payment. Had Runnion not improperly prevented Landale's performance, then Runnion would have received payment and would be obligated to deliver the truck. Runnion should not be able to escape liability under the contract based on this technicality. Because the facts alleged sufficiently support a claim for breach of contract, Runnion's motion to dismiss Landale's breach of contract claim should be denied.

**Landale's Breach Of Implied Contract Claim Is Proper Because Illinois Law Recognizes An Implicit Agreement To Safeguard Customer Financial Information.**

Runnion again attempts to simplify Landale's claim into basic black letter law without taking into account the specific facts of this case – specifically, the breach of Runnion's computer system. In doing so, Runnion argues that, in order for an implied contract to exist, "there

must have been an offer and acceptance not to leak any 'sensitive material,' concerning Landale by Runnion."

Unfortunately, interference by third parties in financial transactions has become all too common. Accordingly, courts have acted to find implied protections for buyers providing sensitive information. In *In re Michaels Stores Pin Pad Litigation*, 830 F. Supp. 2d 518, 531 (N.D. Ill. 2011), plaintiffs sued after financial information provided to the defendant was stolen by a third-party, alleging, in part, breach of implied contract. In response, the defendant raised the same argument as Runnion: "Specifically, Michaels, without relying on any particular case, contends that the facts alleged do not demonstrate that the parties intended to create a contract governing how Michaels would safeguard Plaintiffs' financial information and when Michaels would notify consumers of a security breach." *Id.* at 531. This Court did not buy it.

In rejecting the argument and denying the defendant's motion to dismiss the claim for breach of implied contract, this Court held that in cases involving financial information, "an implicit agreement to safeguard the data is necessary to effectuate the contract," which requires the party receiving the information "to take reasonable measures to protect Plaintiffs' financial information and notify Plaintiffs of a security breach within a reasonable amount of time." *Id.*

Similarly, in *Irwin v. Jimmy John's Franchise, LLC*, 175 F. Supp. 3d 1064, 1070 (C.D. Ill. 2016), the court refused to dismiss a claim for

5

breach of implied contract arising from a data breach that compromised buyer financial information. In doing so, the court noted that when a customer provides financial information for a commercial transaction, "he intends to provide the data to the merchant, and not to an unauthorized third party." *Id.* As a result, "[t]here is an implicit agreement to safeguard the customer's information to effectuate the contract." *Id.*

Here, Landale alleges the existence of a contract for purchase of a truck. Landale further alleges that it transmitted financial information to Runnion to complete the purchase of the truck. Landale's financial information was intercepted by a third-party, however. Under Illinois law, there need not be any affirmative evidence of intent by Runnion to safeguard Landale's financial information; it is implicit within the terms of the agreement. Therefore, Landale need not plead specific facts regarding Runnion's agreement to protect its financial information to support a claim for breach of implied contract. It only needs to allege an agreement was made for purchase of a product involving the transmission of Landale's financial data, and that such financial data was compromised due to Runnion's lack of safeguards. Landale has alleged as much in Paragraphs 10, 12, 13, 14, 18, 20, 21, 22, 23, 24, 25, 26, and 27, as well as those specific allegations included under each count of the Second Amended Complaint. (Dkt. 22.) As a result, has properly pled a claim for breach of implied contract.

6

**Conclusion**

Landale's Second Amended Complaint properly includes claims against Runnion for negligence, negligent misrepresentation, breach of fiduciary duty, breach of contract, and breach of implied contract. For the foregoing reasons, and for those reasons set forth in response to Runnion's prior motion to dismiss, Landale respectfully requests this Court deny Runnion's Motion to Dismiss Landale's Second Amended Complaint.

WHEREFORE, Plaintiff, Landale Signs & Neon, Ltd., respectfully requests this Court enter judgment in its favor and against Defendant, Runnion Equipment Co., and deny Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, and for such other relief as the Court deems proper under the circumstances.

Date: December 12, 2016          Respectfully Submitted,

/s/Peter J. Evans
Thomas E. Patterson (No. 3128587)
Peter J. Evans (No. 6312759)
Alexander I. Passo (No. 6317519)
Patterson Law Firm, LLC
One N. La Salle St., Suite 2100
Chicago, IL 60602
(312) 223-1699
Fax: (312) 223-8549
tpatterson@pattersonlawfirm.com
pevans@pattersonlawfirm.com
apasso@pattersonlawfirm.com

Attorneys for Plaintiff