**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LANDALE SIGNS AND NEON, LTD., | |
| Plaintiff, | Case No. 16-cv-7619 |
| v. | Judge John Robert Blakey |
| RUNNION EQUIPMENT CO. AND JOHN DOE, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Landale Signs and Neon Ltd. entered into a written contract to purchase a crane from Defendant Runnion Equipment Co. Shortly thereafter, third party John Doe, posing as Defendant, sent Plaintiff wiring instructions to pay for the crane. Plaintiff wired the money to John Doe, realizing only later that John Doe was not Defendant. Despite its efforts to work with law enforcement, Plaintiff could not identify John Doe and cannot recover the funds. It has thus sued Defendant to recover the funds, alleging that Defendant is liable for breach of contract because Defendant failed to protect Plaintiff's confidential information, therefore making it possible for John Doe to hack Defendant's system and obtain it.

Defendant moves for summary judgment [87]. For the reasons explained below, this Court grants Defendant's motion.

## I. Background

The facts in this section come from Defendant's statement of facts [89-1] and Plaintiff's statement of additional facts [93].

Plaintiff manufactures custom signs and on-premise advertising. [93] ¶ 1. It sought to purchase a truck-mounted crane from Defendant. *Id.* ¶ 2. Plaintiff's president, Darrell Brown, contacted Patrick Runnion, Defendant's CEO, to initiate discussions and negotiations regarding the crane. [89-1] ¶ 5.

In April 2016, Plaintiff entered into a written contract with Defendant to purchase the crane in exchange for $87,625.00. *Id.* ¶ 6. Runnion signed the contract on behalf of Defendant; Brown signed the contract on behalf of Plaintiff. *Id.* ¶¶ 8–9. Runnion did not make any specific statements that he would protect Plaintiff's information. *Id.* ¶ 27.

After the parties executed the contract, Plaintiff received several sets of divergent wiring instructions. Defendant's personnel can be reached at the email domain: "@runnionequipment.com." *Id.* ¶ 17. But, on April 18, 2016, Plaintiff received wiring instructions from an email address with domain "runnionequpment" (which misspelled "equipment"). *Id.* ¶ 19. These instructions requested that Plaintiff send the funds to a Michael Mitch LLC at BB&T Bank in Cary, North Carolina. *Id.*

Then, on May 12, 2016, Plaintiff received a second set of instructions directing that the funds be transferred to a different entity—Prime C. Contractors at Sun Trust Bank in Alexandria, Virginia. *Id.* ¶ 20. These instructions also came from an email domain "runnionequpment." *Id.*

Plaintiff ignored the April 18, 2016 instructions, but followed through with the May 12, 2016 instructions. *Id.* ¶ 21. On May 13, 2016, Brown directed that the funds for purchase be forwarded to Prime C. Contractors at Sun Trust Bank. *Id.* A few days later, on May 16, 2016, Brown realized he was the victim of fraud. *Id.* ¶ 22.

## II. Legal Standard

Summary judgment is proper where there is "no dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether a genuine issue of material fact exists, this Court must construe all facts and reasonable inferences in the light most favorable to the non-moving party. *See CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524, 528 (7th Cir. 2014). The non-moving party has the burden of identifying the evidence creating an issue of fact. *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008). To satisfy that burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Thus, a mere "scintilla of evidence" supporting the non-movant's position does not suffice; "there must be evidence on which the jury could reasonably find" for the non-moving party. *Anderson*, 477 U.S. at 252.

3

**III. Analysis**

Plaintiff alleges claims against Defendant for breach of express contract and breach of implied contract. [33] ¶¶ 52–72.[1] Both claims seek to hold Defendant liable for failing to keep sensitive information confidential during the transaction. *Id.* Defendant moves for summary judgment on both claims. [89].

**A. Breach of Contract Standards**

To prevail on a breach of express claim, Plaintiff must prove: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) a breach by the defendant; and (4) damages caused by the breach. *Spitz v. Proven Winners N. Am., LLC*, 759 F.3d 724, 730 (7th Cir. 2014) (citing *Lindy Lu LLC v. Ill. Cent. R.R. Co.*, 984 N.E.2d 1171, 1175 (Ill. App. Ct. 2013)).[2] To prove breach of implied contract, Plaintiff must "show the same elements as an express contract, as well as a meeting of the minds and a mutual intent to contract." *New v. Verizon Commc'ns, Inc.*, 635 F. Supp. 2d 773, 782–83 (N.D. Ill. 2008).

The "only difference between an express contract and a contract implied in fact is that in the former the parties arrive at their agreement by words, either written or oral, while in the latter their agreement is arrived at by a consideration of their acts and conduct." *Barry Mogul & Assocs., Inc. v. Terrestris Dev. Co.*, 750, 643 N.E.2d 245, 251 (Ill. App. Ct. 1994). An implied contract claim cannot coexist with an express

---

[1] Plaintiff's third amended complaint alleges tort and contract claims, but at this point in the case, only the contract claims remain. [41].

[2] The parties agree that Illinois law applies to Plaintiff's claims. *See* [88] 12–13; [94] at 6–12.

4

contract on the same subject. *Marcatante v. City of Chicago, Ill.*, 657 F.3d 433, 440 (7th Cir. 2011).

### B. Breach of Express Contract

Plaintiff concedes that the parties' contract did not contain any express provision providing that the parties must keeping sensitive information confidential. [94] at 7. Additionally, Plaintiff admits that Defendant never made any oral express promise to keep Plaintiff's information confidential. [89-1] ¶ 27. Thus, this Court grants summary judgment to Defendant to the extent Plaintiff's complaint alleges any breach of express contract, and now proceeds to analyze only whether Defendant is entitled to judgment on Plaintiff's breach of implied contact claim.

### C. Breach of Implied Contract

Plaintiff's breach of implied contract claim alleges that Defendant is liable for breaching an implied agreement that the parties maintain confidentiality over sensitive information. *See* [94] at 6–14.

The parties focus their arguments primarily upon whether they did, in fact, form an implied contract to keep certain information confidential. *See generally* [88]; [94]. This Court, however, need not decide this point. Even if the parties formed such an implied agreement and Defendant breached that agreement, Plaintiff's claim still fails because it cannot prove damages caused by Defendant's breach.

Illinois courts refer to causation as "proximate causation," which encompasses two distinct concepts: cause in fact and legal cause. *In re: Emerald Casino, Inc.*, 867 F.3d 743, 755 (7th Cir. 2017); *In re Illinois Bell Tel. Link-Up II*, 994 N.E.2d 553, 558 (Ill. App. Ct. 2013) ("Damages which are not the proximate cause of the breach are

5

not allowed."). A plaintiff must satisfy both concepts to prevail on a breach of contract clam. *Emerald*, 867 F.3d at 755.

Plaintiff's claim fails as a matter of law because it cannot establish cause in fact—that is, the record fails to show "a reasonable certainty" that Defendant's acts "caused the injury or damage." *Id.* (quoting *Young v. Bryco Arms*, 821 N.E.2d 1078, 1085 (Ill. 2004)). Importantly, there is no evidence that any of Defendant's employees affirmatively provided any customer information to any third party.

Likewise, Plaintiff fails to show that Defendant otherwise caused a third-party breach of Plaintiff's customer information by failing to properly maintain secure data and email networks. On this point, Plaintiff attempts to avoid summary judgment solely by relying upon an affidavit from Neil Swindlehurst, its external IT consultant. [94] at 13–14; [93-8]. Swindlehurst provides a cursory five-paragraph declaration, concluding that the third party's intrusion must have originated from Defendant's shoddy IT setup. [93-8] ¶ 5.

Swindlehurst's affidavit testimony, however, remains insufficient for a variety of reasons. The witness purports to opine based upon personal knowledge but then, after merely reviewing the deposition of Defendant's IT consultant, he offers only an opinion about causation. In essence, he thinks that Defendant's IT setup must have allowed the third-party to hack into Defendant's system, which in turn, must have allowed the theft of Plaintiff's information. [93-8].[3] The declaration provides no

---

[3] The affidavit also contains inadmissible hearsay, which this Court may properly disregard for summary judgment purposes. *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009).

6

evidentiary foundation for his speculation, and he fails to explain *how* the nature of Defendant's IT setup made it more possible for an intruder to gain access to Defendant's network, or that Defendant's IT setup *did*, in fact, cause a data breach to Defendant's network. *Id.*

This Court thus disregards Swindlehurst's affidavit, because it is merely speculative and lacks a proper foundation. *See Stagman v. Ryan*, 176 F.3d 986, 995 (7th Cir. 1999) (district courts may properly disregard affidavit statements that are made without personal knowledge or the result of speculation or conjecture). Without Swindlehurst's affidavit, Plaintiff lacks any evidence raising a triable issue as to whether Defendant proximately caused its damages. Therefore, its breach of implied contract claim fails as a matter of law.

### IV. Conclusion

For the reasons explained above, this Court grants Defendant's motion for summary judgment [87]. All dates and deadlines are stricken. Civil case terminated.

Dated: February 25, 2019

Entered:

_____
John Robert Blakey
United States District Judge